## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANSSEN SCIENCES IRELAND UNLIMITED COMPANY, GILEAD SCIENCES, INC., and GILEAD SCIENCES IRELAND UC, <br><br> Plaintiffs, <br><br> v. <br><br> LAURUS LABS, LTD. and LAURUS GENERICS INC., <br><br> Defendants. | Civil Action No. |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Janssen Sciences Ireland Unlimited Company ("Janssen") and Gilead Sciences, Inc. and Gilead Sciences Ireland Unlimited Company (collectively "Gilead") (Janssen and Gilead collectively, "Plaintiffs"), for their Complaint against Defendants Laurus Labs, Ltd. ("Laurus India") and Laurus Generics Inc. ("Laurus USA") (collectively, "Laurus" or "Defendants"), allege as follows:

## NATURE OF THE ACTION

1.     This is a civil action for infringement of U.S. Patent No. 10,857,102 (the "102 Patent") by Defendants arising under the patent laws of the United States, 35 U.S.C. §§ 1 et seq., and for a declaratory judgment of infringement of the 102 Patent, U.S. Patent No. 8,618,291 (the "291 Patent") and U.S. Patent No. 8,101,752 (the "752 Patent) by Defendants under 35 U.S.C. §§ 1 et seq., 28 U.S.C. §§ 2201 and 2202.

2.      This action arises out of, *inter alia*,  Laurus' submission of Abbreviated New Drug Application No. 220232 (the "Laurus ANDA") under 21 U.S.C. § 505(j), seeking approval from the U.S. Food and Drug Administration ("FDA") to sell a generic version of Plaintiffs' highly successful COMPLERA® (emtricitabine, rilpivirine, and tenofovir disoproxil fumarate) tablets (the "Laurus ANDA Product") prior to the expiration of the 102 Patent, the 291 Patent, and the 752 Patent (together, the "Patents-in-Suit"). On information and belief, the Laurus ANDA is supported by Drug Master File ("DMF") Nos. 23773, 29841, 23450, 27087 and/or 31958.

3.      COMPLERA® is indicated for use as a complete regimen for the treatment of HIV-1 infection as both an initial therapy in those with no antiretroviral treatment history and to replace a stable antiretroviral regimen in those who are virologically suppressed. The 102 Patent includes claims to the novel formulation for COMPLERA®, which is formulated to provide suitable chemical stability for the active ingredients and be of an acceptable size as a single unit dosage form. The 752 and 291 Patents cover methods of making rilpivirine, one of the active ingredients in COMPLERA®, as well as methods of making 4-[(1,6-dihydro-6-oxo-2-pyrimidinyl)amino]benzonitrile ("PBN-II"), a key component of rilpivirine. Prior to the inventions of the 752 and 291 Patents, the known methods for making PBN-II and rilpivirine were unsuitable for manufacture on a commercial scale. Janssen scientists solved this scientific problem through years of research, culminating in the inventions claimed in the 752 and 291 Patents. As such, these patents are essential to the commercial manufacture of rilpivirine and to ensure that sufficient quantities of COMPLERA® are available to meet the needs of the vulnerable population of the HIV patients for which it is indicated.

2

**THE PARTIES**

4.      Plaintiff Janssen Sciences Ireland Unlimited Company is an Irish company, having its principal place of business at Eastgate Village, Eastgate, Little Island, Country Cork, Ireland.

5.      Janssen is an innovator company that discovers, develops, and brings to market revolutionary pharmaceutical products in areas of unmet medical need, including treatments for HIV/AIDS and cancer. Janssen is the co-owner of the 102 Patent and the owner of the 291 and 752 Patents.

6.      Plaintiff Gilead Sciences, Inc. is a corporation organized under the laws of the state of Delaware, having its principal place of business at 333 Lakeside Drive, Foster City, California 94404.

7.      Plaintiff Gilead Sciences Ireland UC is an Irish company, having its principal place of business at IDA Business & Technology Park, Carrigtohill, County Cork, Ireland.

8.      Gilead is a research-based pharmaceutical company that invents, develops, and brings to market revolutionary pharmaceutical products in areas of unmet medical need, including treatments for human immunodeficiency virus ("HIV"), hepatitis B virus ("HBV"), hepatitis C virus ("HCV"), hepatitis delta virus ("HDV"), liver diseases, serious cardiovascular and respiratory diseases, and cancer. Gilead Sciences, Inc. markets COMPLERA® in this District and throughout the United States. Gilead Sciences, Inc. is the co-owner of the 102 Patent.  Gilead holds an exclusive license under the 291 and 752 Patents for the commercialization of COMPLERA®.

9.    On information and belief, Defendant Laurus India is a limited liability company organized and existing under the laws of India, with a registered office at Laurus Enclave, Plot Office 01, E. Bonangi Village, Parawada Mandal, Anakapalli District, 531021, Andhra Pradesh, India. On information and belief, Laurus India is in the business of, among other things, marketing and selling generic versions of branded pharmaceutical products for the U.S. market. On information and belief, Laurus India is the holder of DMF No. 23773 for emtricitabine, DMF No. 29841 for rilpivirine hydrochloride and DMF Nos. 23450, 27087 and 31958 for tenofovir disoproxil fumarate. Laurus India is the holder of the Laurus ANDA.

10.    On information and belief, Defendant Laurus USA is a limited liability company organized and existing under the laws of the state of Delaware, having a principal place of business at 400 Connell Drive, Suite 5200, Berkeley Heights, New Jersey 07922. On information and belief, Laurus USA is in the business of, among other things, marketing and selling generic copies of branded pharmaceutical products for the U.S. market. On information and belief, Laurus USA is a wholly-owned subsidiary and U.S. agent of Laurus India. On information and belief, Laurus USA is the authorized U.S. agent for the Laurus ANDA and supporting DMFs.

11.    On information and belief, Defendants collaborated in the research, development, preparation and submission of the Laurus ANDA, supporting DMF Nos. 23450, 27087, 31958, 23773 and 29841, and proposed Laurus ANDA Product and continue to actively collaborate in seeking approval from FDA for the Laurus ANDA, supporting DMFs, and the Laurus ANDA Product for marketing in the U.S., including in the state of New Jersey.

12.    On information and belief, Defendants actively collaborate with respect to the development, regulatory approval, commercial manufacture, marketing, sale, offer for sale,

and/or distribution of the proposed Laurus ANDA Product for the U.S. market, including in the state of New Jersey.

13.     On information and belief, Defendants rely on material assistance from one another to market, distribute, offer for sale, and/or sell the proposed Laurus ANDA Product in the U.S. market, including in the state of New Jersey. On information and belief, Defendants intend to act collaboratively to commercially manufacture, market, distribute, offer for sale and/or sell the proposed Laurus ANDA Product, in the event FDA approves the Laurus ANDA. On information and belief, each of the Defendants will financially benefit in the event FDA approves the Laurus ANDA and from the use, marketing, and/or sale of the proposed Laurus ANDA Product in the U.S., including in the state of New Jersey.

## JURISDICTION AND VENUE

14.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

### *Laurus USA*

15.     On information and belief, this court has personal jurisdiction over Laurus USA because, *inter alia*, Laurus USA has purposely availed itself of the benefits and protections of New Jersey laws such that it should reasonably anticipate being hauled into court here.

16.     On information and belief, Laurus USA is a limited liability company with a principal place of business at 400 Connell Drive, Suite 5200, Berkeley Heights, New Jersey 07922. By virtue of its principal place of business in New Jersey, this Court has personal jurisdiction over Laurus USA.

5

17.    On information and belief, Laurus USA has had persistent and continuous contacts with this judicial district, including developing and marketing pharmaceutical products that are sold in this judicial district, and selling pharmaceutical products in this judicial district.

18.    On information and belief, Laurus USA intends to engage in the commercial manufacture, use, or sale of the proposed Laurus ANDA Product before the expiration of the Patents-in-Suit in the U.S., including in the state of New Jersey. The conduct of Laurus USA will therefore cause imminent injury to Plaintiffs in New Jersey.

19.    On information and belief, Laurus USA derives substantial revenue from selling generic pharmaceutical products throughout the U.S., including in this judicial district.

20.    On information and belief, Laurus USA acts as the U.S. agent of Laurus India, and has submitted regulatory filings for generic pharmaceutical products to FDA on behalf of Laurus India. On information and belief, Laurus USA and Laurus India operate and act in concert as an integrated, unitary business.

21.    Venue is proper in this Court for Laurus USA under 28 U.S.C. § 1400(b) because, *inter alia*, Laurus USA has committed and will commit acts of infringement in this judicial district and has a regular and established place of business at its headquarters in Berkeley Heights, New Jersey, located within this judicial district.

### *Laurus India*

22.    On information and belief, this Court has personal jurisdiction over Laurus India because, *inter alia*, Laurus India has committed an act of patent infringement under 35 U.S.C. § 271(e)(2) and intends a course of conduct that includes acts of patent infringement in New Jersey. On information and belief, (1) Laurus India, in collaboration with Laurus USA, prepared and submitted the Laurus ANDA and DMF Nos. 23773, 29841, 23450, 27087 and 31958 for the

purpose of seeking approval to engage in the commercial manufacture, use, sale or offer for sale of the proposed Laurus ANDA Product in the U.S., including New Jersey, (2) in the event of approval of the Laurus ANDA, Laurus India will market, distribute, offer for sale, sell and/or import the proposed Laurus ANDA Product in the U.S., including New Jersey, prior to the expiration of the Patents-in-Suit, and will do so in concert with Laurus USA, which maintains a principal place of business in New Jersey. Laurus India's activities with respect the proposed Laurus ANDA Product are and will be purposefully directed at New Jersey (either directly or indirectly, *e.g.*, through wholesalers, distributors, etc.), and Laurus India will derive revenue therefrom.

23.     Laurus India has availed itself of the protections and benefits of the jurisdiction of the courts of this judicial district, including as a counterclaim plaintiff in patent infringement actions under the Hatch-Waxman Act. *See Mitsubishi Tanabe Pharma Corp et al v. MSN Lab'ys Priv. Ltd. et al*, No. 1-17-cv-05302, D.I. 37 (D.N.J. Dec. 11, 2017).

24.     Laurus India has not contested personal jurisdiction in this judicial district in other actions, including Hatch-Waxman and declaratory judgment actions involving other Janssen HIV/AIDs products. *See Janssen Prods., LP et al v. Dr. Reddy's Lab'ys, Inc. et al*, No. 2-18-cv-09655, D.I. 14 (D.N.J. July 27, 2018); *see also Mitsubishi Tanabe Pharma Corp et al v. MSN Lab'ys Priv. Ltd. et al*, No. 1-17-cv-05302, D.I. 37 (D.N.J. Dec. 11, 2017).

25.     On information and belief, Laurus India acts in concert with Laurus USA, which is incorporated and maintains a principal place of business in New Jersey.

26.     On information and belief, Laurus India seeks approval to market the proposed Laurus ANDA Product nationwide, including in New Jersey. Laurus India therefore knows and intends that the proposed Laurus ANDA Product will be distributed and sold in New

Jersey and will thereby displace sales of COMPLERA®, causing injury to Plaintiffs in this judicial district.

27.    Alternatively, this Court may exercise personal jurisdiction over Laurus India pursuant to Federal Rule of Civil Procedure 4(k)(2) because (a) Plaintiffs' claims arise under federal law; (b) Laurus India is a foreign defendant not subject to personal jurisdiction in the courts of any state; and (c) Laurus India has sufficient contacts with the U.S., including but not limited to submitting approximately 37 regulatory applications for drug products to FDA, including the Laurus ANDA in concert with its U.S. agent, Laurus USA, such that this Court's exercise of jurisdiction over Laurus India satisfies due process.

28.    Litigating in the District of New Jersey would not burden Laurus India unduly. Among other things, on information and belief, Laurus India has consented to personal jurisdiction in the District of New Jersey. On information and belief, Laurus India maintains Laurus USA, a company residing in this district, as its U.S. agent for the Laurus ANDA and supporting DMFs and Laurus USA will market and distribute the proposed Laurus ANDA Product by and for Laurus India. The U.S. has a substantial interest in adjudicating the dispute and enforcing its patent laws. Plaintiffs have a substantial interest in obtaining convenient and effective relief for violations of their property interests. Moreover, the states have a shared interest in furthering the fundamental substantive policy of the U.S. with respect to its intellectual property laws.

29.    Venue is proper in this district for Laurus India pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Laurus India is a company organized and existing under the laws of India and may be sued in any judicial district. 28 U.S.C. § 1391(c)(3).

8

## THE ASSERTED PATENTS

30.     On December 8, 2020, the U.S. Patent and Trademark Office ("USPTO") issued the 102 Patent, entitled "Therapeutic compositions comprising rilpivirine HCL and tenofovir disoproxil fumarate." A true and correct copy of the 102 Patent is attached hereto as Exhibit A.

31.     Plaintiffs Janssen and Gilead Sciences, Inc. are the assignees of the 102 Patent.

32.     The 102 Patent expires on January 14, 2033.

33.     On January 24, 2012, the USPTO issued the 752 Patent, entitled "Process for preparing 4-[(1,6-dihydro-6-oxo-2-pyrimidinyl)amino]benzonitrile." A true and correct copy of the 752 Patent is attached hereto as Exhibit B.

34.     Plaintiff Janssen is the assignee of the 752 Patent.

35.     The 752 Patent expires on January 21, 2029.

36.     On December 31, 2013, the USPTO issued the 291 Patent, entitled "Process for preparing 4-[(1,6-dihydro-6-oxo-2-pyrimidinyl)amino]benzonitrile." A true and correct copy of the 291 Patent is attached hereto as Exhibit C.

37.     Plaintiff Janssen is the assignee of the 291 Patent.

38.     The 291 Patent expires on May 24, 2026.

39.     Janssen and Gilead have entered into a collaboration agreement for the development and commercialization of COMPLERA®, a highly successful triple-drug combination HIV treatment.

40.     Gilead has an exclusive license to the 752 and 291 Patents for the development and commercialization of COMPLERA®.

41.     Gilead Sciences, Inc. is the holder of approved New Drug Application No. 202123 for COMPLERA® and distributes COMPLERA® in the U.S.

42.     COMPLERA® is included in FDA's list of "Approved Drug Products With Therapeutic Equivalence Evaluations" also known as the "Orange Book." Approved drugs may be used as the basis of a generic applicant's ANDA to obtain approval for the ANDA applicant's drug product under the provisions of 21 U.S.C. § 355(j).

43.     FDA's "Orange Book" also lists certain patents associated with approved drugs. The 102 Patent is listed in the "Orange Book" in association with COMPLERA®. The claims of the 102 Patent protect COMPLERA® or its use.

44.     The chemical stability of tenofovir disoproxil fumarate, one of the active ingredients in COMPLERA®, is affected by the presence of rilpivirine HCl, another active ingredient in COMPLERA®, and the prior art formulation provided by the co-wet granulation process discussed in WO 2005/021001 is not ideal for human clinical use. The 102 Patent inventors discovered a single multilayer formulation of emtricitabine, rilpivirine, and tenofovir disoproxil fumarate that provides suitable chemical stability for the active ingredients as well as plasma concentrations of the three agents that are equivalent to the plasma concentrations produced by the administration of EMTRIVA® (emtricitabine 200 mg) capsules, VIREAD® (tenofovir disoproxil fumarate 300 mg) tablets, and a third tablet containing rilpivirine HCl.

45.     The claims of the 291 and 752 Patents cover Janssen's processes useful for the preparation of COMPLERA®.

46.     The 291 Patent claims processes useful for the preparation of rilpivirine, one of the active pharmaceutical ingredients ("API") of COMPLERA®.

47.    The 291 and 752 Patents claim processes useful for the preparation of PBN-II, which is incorporated in rilpivirine.

48.    The claims of the 291 and 752 Patents protect COMPLERA®. COMPLERA® is commercially manufactured using the processes claimed in the 291 and 752 Patents.

49.    On information and belief, Defendants have made and will continue to make substantial and meaningful preparations to import into the U.S. and/or offer to sell, sell, and/or use within the U.S. products containing rilpivirine, which are made using the processes patented by the 291 and 752 Patents, prior to expiration of those patents.

50.    On information and belief, Defendants' preparations include, but are not limited to, the submission of DMF No. 29841 for rilpivirine hydrochloride, the development of the proposed Laurus ANDA Product, and the submission of the Laurus ANDA to FDA with a Paragraph IV certification for the 102 Patent.

51.    On information and belief, Defendants intend to financially benefit from the Laurus ANDA by selling and distributing the proposed Laurus ANDA Product upon approval.

52.    On information and belief, Defendants intend to use the processes claimed in the 291 and 752 Patents to prepare the rilpivirine API contained in the proposed Laurus ANDA Product.

53.    The processes claimed in the 752 and 291 Patents are important for the commercial-scale manufacture of rilpivirine. Prior art processes for manufacturing rilpivirine are not commercially feasible. The inventive processes claimed in the 752 and 291 Patents are crucial to being able to make rilpivirine available to vulnerable HIV patients.

54.    PBN-II is critical to rilpivirine's activity and the success of COMPLERA®.

55.     On information and belief, PBN-II remains unchanged when it is joined to the remainder of the rilpivirine molecule.

56.     On information and belief, PBN-II is incorporated into and present in the rilpivirine in the proposed Laurus ANDA Product, structurally and functionally unchanged from PBN-II.

57.     On information and belief, PBN-II made by the processes claimed in the 752 and 291 Patents is not materially changed when it is incorporated into rilpivirine in the proposed Laurus ANDA Product.

58.     On information and belief, PBN-II and rilpivirine resulting from Plaintiffs' patented processes are essential to the proposed Laurus ANDA Product.

59.     On information and belief, Defendants do not intend to wait until expiration of the 291 and 752 Patents to import into the U.S. and/or offer to sell, sell, and/or use within the U.S. products containing rilpivirine. Defendants have indicated, based on their certifications regarding the Orange Book listed patents for COMPLERA®, they only intend on respecting patents that expire on December 9, 2025. Thus, on information and belief, Defendants intend to market the Laurus ANDA Product on or after December 9, 2025, or as soon thereafter as they are able to do so.

## LAURUS' PARAGRAPH IV NOTICE LETTER AND REFUSAL TO PROVIDE REQUESTED INFORMATION

60.     On or about February 14, 2025, and February 18, 2025, Gilead and Janssen respectively received a Paragraph IV Notice Letter stating that Laurus submitted ANDA No. 220232 to FDA under § 505(j)(2) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 355(j)(2)(B)(iv), seeking approval to engage in the commercial manufacture, use, importation,

offer for sale and/or sale of the proposed Laurus ANDA Product prior to the expiration of the 102 Patent.

61.    After receiving the Paragraph IV Notice Letter, Plaintiffs contacted Laurus and asked for documents and things regarding the formulation of the Laurus ANDA Product and the process that has been and will be used to manufacture the proposed Laurus ANDA Product so that Plaintiffs could evaluate infringement of the Patents-in-Suit. Plaintiffs specifically identified the 752 and 291 Patents to Defendants. Plaintiffs requested the Laurus ANDA, associated DMFs, executed batch records, representative samples of the Laurus ANDA Product and API, manufacturing facility inspection records and all agreements relating to the marketing of the proposed Laurus ANDA Product. Despite repeated requests, Defendants have not provided Plaintiffs with any of the requested information.

62.    Beginning with correspondence on February 21, 2025, outside counsel for Plaintiffs negotiated in good faith with counsel for Laurus in an attempt to reach agreement on reasonable terms of confidential access to the Laurus ANDA, associated DMFs, batch records for the drug product and API, representative samples of finished product and API, manufacturing facility inspection records and agreements relating to the marketing of the Laurus ANDA Product. Plaintiffs repeated their request on February 22, 24 and 28. Plaintiffs repeatedly explained that it was in the best interests of all parties for Plaintiffs to receive information relevant to infringement of the 102 Patent and the 752 and 291 Patents (*i.e.*, the Laurus ANDA, associated DMFs, batch records for the drug product and API, representative samples of finished product and API and manufacturing facility inspection records).

63.    On March 3, 2025, counsel for Laurus provided a revised offer of confidential access ("OCA"), offering to produce only the Laurus ANDA. At that time, Laurus

refused to produce its DMFs listed in the Laurus ANDA and other requested materials under any terms. Laurus' revised proposed OCA was unreasonable as it was limited to the Laurus ANDA only, conditioned receipt of the Laurus ANDA on its use solely for an action under § 355(j)(5)(C)(i)(III) (thereby attempting to limit Plaintiffs' ability to evaluate infringement of and bring suit on the 752 and 291 Patents), and contained broad and unreasonable proposed patent prosecution and FDA bars that were, for example, not limited in time.

64.    Thereafter, the parties exchanged correspondence on at least March 6, 11, 12 and 13.  Defendants would only agree to produce the Laurus ANDA and an unidentified DMF if Plaintiffs agreed to an unreasonably limiting OCA that conditioned receipt of the Laurus ANDA on its use solely for an infringement action asserting the 102 Patent and under conditions that limited Plaintiffs' ability to bring suit on the 752 and 291 Patents. In response to Defendants' multiple drafts of an OCA with unreasonable terms, Plaintiffs repeatedly explained why the terms were not appropriate, that the OCA is not a vehicle for precluding suit on patents that are infringed, and why it was in the best interests of all parties for Plaintiffs to receive the requested information. Defendants refused, offering shifting and often incorrect factual and legal statements to justify their refusal.

65.    During the course of the parties' discussion, Defendants noted that the 291 Patent is expiring in May 2026. Plaintiffs suggested that, "if Laurus would like to stipulate that it will respect the [291] patent through expiration, we will consider that. Otherwise, it is our understanding based on the Paragraph IV letter that Laurus is only respecting patents that expire on December 9, 2025 and seeking to enter the market immediately thereafter (before the expiration of the 291 patent)." Defendants did not offer such a stipulation or otherwise correct Plaintiffs'

understanding that Defendants are seeking to enter the market at the end of this year, prior to expiration of the 291 Patent.

66.    As of the filing of this Complaint, Defendants have not produced the Laurus ANDA, associated DMFs, batch records for the drug product and API, representative samples of finished product or API and manufacturing facility inspection records. Defendants' withholding of this information has impeded Plaintiffs' ability to fully evaluate infringement of the Patents-in-Suit.

67.    Defendants' failure to produce the requested Laurus ANDA, DMFs, batch records, and samples supports Plaintiffs' belief that the proposed Laurus ANDA Product and the processes used by Defendants to manufacture the proposed Laurus ANDA Product are the same as the commercial process invented by Janssen and protected by the Patents-in-Suit. On information and belief, Defendants have also developed a process for manufacturing rilpivirine that infringes the 752 and 291 Patents. *See, e.g.*, WO2013179105 (publication of Laurus patent application).

68.    Further, as set forth above, the invention claimed in the 102 Patent achieves a stable and effective formulation. On information and belief, Defendants use and will use the claimed formulation of the 102 Patent for the proposed Laurus ANDA Product.

69.    Further, as set forth above, the processes claimed in the 752 and 291 Patents are important for the commercial manufacture of rilpivirine. Prior art processes are not usable on a commercial scale for the manufacture of rilpivirine API. On information and belief, Defendants use and will use the claimed processes of the 752 and 291 Patents to manufacture PBN-II and rilpivirine for the proposed Laurus ANDA Product.

70.    These facts, coupled with Defendants' failure to produce the Laurus ANDA, DMFs, batch records for the rilpivirine API in its proposed Laurus ANDA Product, samples of

exhibit batches, and the requested manufacturing inspection, strongly support the conclusion that the formulation and the commercial process that Defendants will actually use to manufacture the Laurus ANDA Product is the formulation protected by the 102 Patent and the process that was invented by Janssen and protected by the 752 and 291 Patents.

71.    On information and belief, Defendants have knowledge of the Patents-in-Suit and the validity of the 752 and 291 Patents. *Janssen Pharmaceutica, NV et al. v. Mylan Pharms., Inc. et al.*, D. Del. 1-15-cv-00760, D.I. 258.

72.    On information and belief, Defendants had actual and constructive notice of the Patents-in-Suit prior to the submission of the Laurus ANDA seeking approval of the Laurus ANDA Product.

73.    On information and belief, Defendants have made and continue to make substantial preparations in the U.S. to offer to sell, sell, use, and/or import the Laurus ANDA Product in December 2025 and well prior to the expiration of the Patents-in-Suit, including prior to the expiration of the 291 Patent in May 2026.

74.    On information and belief, Defendants' actions include but are not limited to the development of the Laurus ANDA Product and the submission of the Laurus ANDA with a Paragraph IV certification.

75.    On information and belief, Defendants continue to seek approval of the Laurus ANDA from FDA and intend to collaborate in the manufacture, marketing, and sale of the Laurus ANDA Product (including the commercial marketing and sale of such product in the State of New Jersey) in the event that FDA approves the Laurus ANDA.

76.    In the Paragraph IV Notice Letter, Laurus alleged non-infringement of the claimed commercial formulation of the 102 Patent.

77.     COMPLERA® tablets are fixed-dose combination products containing 200 mg of emtricitabine, 27.5 mg of rilpivirine hydrochloride (equivalent to 25 mg of rilpivirine) and 300 mg of tenofovir disoproxil fumarate (equivalent to 245 mg of tenofovir disoproxil). Claim 1 of the 102 Patent claims, "[a] tablet comprising a first layer and a second layer, wherein the first layer consists of 27.5 mg rilpivirine HCl, 60.0 mg microcrystalline cellulose, 189.8 mg lactose monohydrate, 3.3 mg povidone, 0.4 mg polysorbate 20, 16.1 mg croscarmellose sodium, and 3.0 mg magnesium stearate; and the second layer consists of 200.0 mg emtricitabine, 300.0 mg tenofovir disoproxil fumarate, 150.0 mg microcrystalline cellulose, 80.0 mg lactose monohydrate, 50.0 mg pregelatinized starch, 60.0 mg croscarmellose sodium, and 10.0 mg magnesium stearate." Defendants do not dispute that their proposed product is a three-drug fixed dose combination product containing 200 mg emtricitabine, 27.5 mg of rilpivirine hydrochloride, and 300 mg of tenofovir disoproxil fumarate and a bilayer tablet, but allege that certain excipients and their amounts vary from those claimed.

78.     Defendants rely on COMPLERA® as the reference product for approval of the Laurus ANDA Product. Defendants' refusal to produce the Laurus ANDA and other requested information impeded Plaintiffs' ability to evaluate the assertions made in the Paragraph IV Notice Letter. On information and belief, Defendants' ANDA and Defendants' communications with FDA will support either literal infringement or that the inactive ingredients in the proposed Laurus ANDA Product perform substantially the same function, in substantially the same way, with substantially the same results as those claimed in the 102 Patent.

79.     Plaintiffs commenced this lawsuit within 45 days of the date they received Laurus' notice of ANDA No. 220232 containing a Paragraph IV certification.

## COUNT I

### Infringement of the 102 Patent under 35.U.S.C. § 271(e)(2)(A)

80.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1-79 hereof, as if fully set forth herein.

81.     Under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed the 102 Patent by submitting ANDA No. 220232 with a Paragraph IV certification and seeking FDA approval of ANDA No. 220232 to market the proposed Laurus ANDA Product prior to the expiration of the 102 Patent.

82.     On information and belief, Defendants' commercial manufacture, importation, use, sale, and/or offer for sale of the proposed Laurus ANDA Product prior to the expiration of the 102 Patent would infringe, contribute to the infringement of, and/or induce the infringement of at least claim 1 of the 102 Patent either literally or under the doctrine of equivalents.

83.     Defendants had actual and constructive notice of the 102 Patent prior to filing ANDA No. 220232 seeking approval for the proposed Laurus ANDA Product.

84.     Plaintiffs have no adequate remedy at law to redress the infringement by Defendants.

85.     Plaintiffs will be irreparably harmed if Defendants are not enjoined from infringing or actively inducing or contributing to infringement of the 102 Patent.

## COUNT II

### Declaratory Judgment of Infringement of the 102 Patent under 35.U.S.C. §§ 271(a), (b) and/or (c)

86.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1-85 hereof, as if fully set forth herein.

87.    A definite and concrete, real and substantial, justiciable controversy of sufficient immediacy and reality exists between Plaintiffs and Defendants regarding infringement of the 102 Patent.

88.    Defendants have submitted ANDA No. 220232 with a Paragraph IV certification seeking FDA approval to market the proposed Laurus ANDA Product prior to the expiration of the 102 Patent.

89.    On information and belief, Defendants have made and will continue to make substantial and meaningful preparations to import into the U.S. and/or to offer to sell, sell, and/or use within the U.S. the proposed Laurus ANDA Product prior to the expiration of the 102 Patent.

90.    The Paragraph IV Notice Letter admits that Defendants will engage in the commercial manufacture, use, and/or sale of the proposed Laurus ANDA Product if approved by FDA. On information and belief, Defendants have indicated, based on their certifications regarding the Orange Book listed patents for COMPLERA®, that they only intend to respect patents that expire on December 9, 2025.

91.    On information and belief, FDA assesses and acts on ANDAs within ten months of submission. On information and belief, there is immediacy and imminent infringement of the 102 Patent because FDA approval and Defendants' commercialization of the Laurus ANDA Product may occur as early as Q4 2025. Indeed, on information and belief, Defendants intend to launch immediately in Q4 2025 and refuse to stipulate that they will not launch prior to May 2026.

92.    Defendants' actions, including, but not limited to, the submission of ANDA No. 220232 with a Paragraph IV certification and Defendants' systematic attempts to meet the applicable regulatory requirements for approval of ANDA No. 220232 indicate a refusal to change their course of action and intent to launch imminently.

93.     Defendants' commercial manufacture, importation, use, sale and/or offer for sale of the proposed Laurus ANDA Product prior to the expiration of the 102 Patent would infringe, contribute to the infringement of, and/or induce the infringement of at least claim 1 of the 102 Patent under §§ 271(a), (b) and/or (c) either literally or under the doctrine of equivalents.

94.     Defendants have actual knowledge of the 102 Patent and became aware of the 102 Patent no later than the submission of the Laurus ANDA.

95.     On information and belief, Defendants will commercially manufacture, import, use, offer for sale, and/or sell the proposed Laurus ANDA Product prior to the expiration of the 102 Patent, if approved by FDA, and such commercial manufacture, importation, use, offer for sale, and sale will constitute direct infringement of at least claim 1 of the 102 Patent.

96.     On information and belief, through Defendants' commercial manufacture, importation, use, offer for sale, and sale of the proposed Laurus ANDA Product, Defendants will encourage the commercial manufacture, importation, use, offer for sale, and sale of the proposed Laurus ANDA Product within the U.S., and Defendants will know or should know that such conduct will occur.

97.     On information and belief, Defendants will actively induce, encourage, aid, and abet that conduct with knowledge and specific intent that the conduct infringes the 102 Patent.

98.     Through at least the foregoing actions, Defendants will actively induce the infringement of at least one claim of the 102 Patent under 35 U.S.C. § 271(b).

99.     On information and belief, Defendants know or should know that the proposed Laurus ANDA Product will be especially made or adapted for use in infringing the 102 Patent, and that the proposed Laurus ANDA Product is not suitable for substantial non-infringing use.

100.    The commercial manufacture, importation, use, offer for sale, and sale of the proposed Laurus ANDA Product will contribute to the actual infringement of the 102 Patent.

101.    On information and belief, Defendants know or should know that their commercial manufacture, importation, use, offer for sale, and sale of the proposed Laurus ANDA Product will contribute to the actual infringement of the 102 Patent.

102.    Through at least the foregoing actions, Defendants will contribute to the infringement of at least one claim of the 102 Patent under 35 U.S.C. § 271(c).

103.    Plaintiffs should be granted a judicial declaration that the commercial manufacture, importation, use, offer for sale, and/or sale in the U.S. of the proposed Laurus ANDA Product will constitute infringement of the claims of the 102 Patent under §§ 271(a), (b) and/or (c) either literally or under the doctrine of equivalents.

104.    Plaintiffs have no adequate remedy at law to redress infringement by Defendants.

105.    Plaintiffs will be irreparably harmed if Defendants are not enjoined from infringing or actively inducing or contributing to infringement of the 102 Patent.

## COUNT III

## Declaratory Judgment of Infringement of the 752 Patent under 35.U.S.C. §271(g)

106.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1-105 hereof, as if fully set forth herein.

107.    A definite and concrete, real and substantial, justiciable controversy of sufficient immediacy and reality exists between Plaintiffs and Defendants regarding infringement of the 752 Patent.

108.    On information and belief, Defendants have made and will continue to make substantial and meaningful preparations to import into the U.S. or offer to sell, sell, and/or use within the U.S. a product which is made by a process patented by the 752 Patent prior to its expiration.

109.    The Paragraph IV Notice Letter admits that Defendants will engage in the commercial manufacture, use and/or sale of the proposed Laurus ANDA Product if approved by FDA.

110.    On information and belief, FDA assesses and acts on ANDAs within ten months of submission. On information and belief, there is immediacy and imminent infringement of the 752 Patent because FDA approval and Defendants' commercialization of the Laurus ANDA Product may occur as early as Q4 2025. Indeed, on information and belief, Defendants intend to launch immediately in Q4 2025 and refuse to stipulate that they will not launch prior to May 2026.

111.    Defendants' actions, including, but not limited to, the submission of ANDA No. 220232 with a Paragraph IV certification and Defendants' systematic attempts to meet the applicable regulatory requirements for approval of ANDA No. 220232 indicate a refusal to change their course of action and intent to launch imminently.

112.    On information and belief, Defendants do not intend to wait until expiration of the 752 Patent to import into the U.S. and/or offer to sell, sell and/or use within the U.S. products containing rilpivirine and PBN-II. Defendants have indicated, based on their certifications regarding the Orange Book listed patents for COMPLERA®, that they only intend on respecting patents that expire on December 9, 2025. Thus, on information and belief, Defendants intend to market the Laurus ANDA Product on or after December 9, 2025, or as soon thereafter as they are able to do so.

113.    On information and belief, including Laurus' failure to produce requested manufacturing information, Laurus' repeated conditioning of production on Plaintiffs not being able to use the manufacturing information to assert the 752 Patent, the fact that Laurus has not provided a colorable factual or legal basis to contest infringement of the claims of the 752 Patent and the presumption of infringement under 35 U.S.C. § 295 when Defendants (as here) fail to provide requested manufacturing information, Defendants' importation, use, sale and/or offer for sale of the proposed Laurus ANDA Product prior to the expiration of the 752 Patent would infringe, contribute to the infringement of, and/or induce the infringement of one or more claims of the 752 Patent either literally or under the doctrine of equivalents under 35 U.S.C. § 271(g), including at least claim 1.

114.    On information and belief, Defendants had actual and constructive notice of the 752 Patent and its infringement and validity prior to their submission of ANDA No. 220232 seeking approval of the proposed Laurus ANDA Product.

115.    On information and belief, Defendants' infringement of the 752 Patent would be willful.

116.    Plaintiffs should be granted a judicial declaration that the importation into the U.S. and/or use, offer for sale, and/or sale in the U.S. of the proposed Laurus ANDA Product constitute infringement of the claims of the 752 Patent either literally or under the doctrine of equivalents under 35 U.S.C. § 271(g).

117.    Plaintiffs have no adequate remedy at law to redress infringement by Defendants.

118.    Plaintiffs will be irreparably harmed if Defendants are not enjoined from infringing or actively inducing or contributing to infringement of the 752 Patent.

## COUNT IV

## Declaratory Judgment of Infringement of the 291 Patent under 35.U.S.C. §271(g)

119.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1-118 hereof, as if fully set forth herein.

120.    A definite and concrete, real and substantial, justiciable controversy of sufficient immediacy and reality exists between Plaintiffs and Defendants regarding infringement of the 291 Patent.

121.    On information and belief, Defendants have made and will continue to make substantial and meaningful preparations to import into the U.S. or offer to sell, sell, and/or use within the U.S. a product which is made by a process patented by the 291 Patent prior to its expiration.

122.    The Paragraph IV Notice Letter admits that Defendants will engage in the commercial manufacture, use and/or sale of the proposed Laurus ANDA Product if approved by FDA.

123.    On information and belief, FDA assesses and acts on ANDAs within ten months of submission. On information and belief, there is immediacy and imminent infringement of the 291 Patent because FDA approval and Defendants' commercialization of the Laurus ANDA Product may occur as early as Q4 2025. Indeed, on information and belief, Defendants intend to launch in Q4 2025 and refuse to stipulate that they will not launch prior to expiration of the 291 Patent in May 2026.

124.    Defendants' actions, including, but not limited to, the submission of ANDA No. 220232 with a Paragraph IV certification and Defendants' systematic attempts to meet the

applicable regulatory requirements for approval of ANDA No. 220232 indicate a refusal to change their course of action and intent to launch imminently.

125.    On information and belief, Defendants do not intend to wait until expiration of the 291 Patent to import into the U.S. and/or offer to sell, sell and/or use within the U.S. products containing rilpivirine and PBN-II. Defendants have indicated, based on their certifications regarding the Orange Book listed patents for COMPLERA®, that they only intend on respecting patents that expire on December 9, 2025. Thus, on information and belief, Defendants intend to market the Laurus ANDA Product on or after December 9, 2025, or as soon thereafter as they are able to do so.

126.    On information and belief, including Laurus' failure to produce requested manufacturing information, Laurus' repeated conditioning of production on Plaintiffs not being able to use manufacturing information to assert the 291 Patent, the fact that Laurus has not provided a colorable factual or legal basis to contest infringement of the claims of the 291 Patent and the presumption of infringement under 35 U.S.C. § 295 when Defendants (as here) fail to provide requested manufacturing information, Defendants' importation, use, sale and/or offer for sale of the proposed Laurus ANDA Product prior to the expiration of the 291 Patent would infringe, contribute to the infringement of, and/or induce the infringement of one or more claims of the 291 Patent either literally or under the doctrine of equivalents under 35 U.S.C. § 271(g), including at least claims 1 and 17.

127.    On information and belief, Defendants had actual and constructive notice of the 291 Patent and its infringement and validity prior to their submission of ANDA No. 220232 seeking approval of the proposed Laurus ANDA Product.

128.    On information and belief, Defendants' infringement of the 291 Patent would be willful.

129.    Plaintiffs should be granted a judicial declaration that the importation into the U.S. and/or use, offer for sale, and/or sale in the U.S. of the proposed Laurus ANDA Product constitute infringement of the claims of the 291 Patent either literally or under the doctrine of equivalents under 35 U.S.C. § 271(g).

130.    Plaintiffs have no adequate remedy at law to redress infringement by Defendants.

131.    Plaintiffs will be irreparably harmed if Defendants are not enjoined from infringing or actively inducing or contributing to infringement of the 291 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court grant the following relief:

(a)    a judgment that Defendants have infringed the 102 Patent under 35 U.S.C. § 271(e)(2)(A);

(b)    a judgment, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval of Laurus' ANDA No. 220232 under § 505(j)(2) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)) is not earlier than the day after the expiration of the 102 Patent, including any additional exclusivity period applicable to the patent;

(c)    a judgment declaring that the making, using, selling, offering to sell, or importing of emtricitabine, rilpivirine and tenofovir disoproxil fumarate tablets described in Laurus' ANDA No. 220232 would constitute infringement of the 102 Patent, or inducing or contributing to such conduct, by Defendants pursuant to 35 U.S.C. § 271(a), (b) and/or (c);

26

(d)     a judgment permanently enjoining Defendants and each of their officers, agents, servants and employees, and those persons in active concert or participation with them, from commercially manufacturing, selling or offering for sale, using, or importing the emtricitabine, rilpivirine and tenofovir disoproxil fumarate tablets described in Laurus' ANDA No. 220232, or any colorable variations thereof, until the day after the expiration of the 102 Patent, including any additional exclusivity period applicable to the 102 Patent, and from otherwise infringing one or more claims of the 102 Patent;

(e)     a judgment declaring that importing, selling, offering to sell, or using the emtricitabine, rilpivirine and tenofovir disoproxil fumarate tablets described in Laurus' ANDA No. 220232 would constitute infringement of the 752 Patent, or inducing or contributing to such conduct, by Defendants pursuant to 35 U.S.C. § 271(g);

(f)     a declaration that Defendants would willfully infringe the 752 Patent;

(g)     a judgment permanently enjoining Defendants and each of their officers, agents, servants and employees, and those persons in active concert or participation with them, from commercially importing, selling, offering for sale, or using the emtricitabine, rilpivirine and tenofovir disoproxil fumarate tablets described in Laurus' ANDA No. 220232, or any rilpivirine product that is made by any colorable variation of the processes used to make the proposed Laurus ANDA Product, until after the expiration of the 752 Patent, including any additional exclusivity period applicable to the 752 Patent, and from otherwise infringing one or more claims of the 752 Patent;

(h)     a judgment declaring that importing, selling, offering to sell, or using the emtricitabine, rilpivirine and tenofovir disoproxil fumarate tablets described in Laurus' ANDA

No. 220232 would constitute infringement of the 291 Patent, or inducing or contributing to such conduct, by Defendants pursuant to 35 U.S.C. § 271(g);

      (i)      a declaration that Defendants would willfully infringe the 291 Patent;

      (j)      a judgment permanently enjoining Defendants and each of their officers, agents, servants and employees, and those persons in active concert or participation with them, from commercially importing, selling, offering for sale, or using the emtricitabine, rilpivirine and tenofovir disoproxil fumarate tablets described in Laurus' ANDA No. 220232, or any rilpivirine product that is made by any colorable variation of the processes used to make the proposed Laurus ANDA Product, until after the expiration of the 291 Patent, including any additional exclusivity period applicable to the 291 Patent, and from otherwise infringing one or more claims of the 291 Patent;

      (k)      a declaration that this case is exceptional;

      (l)      an award of Plaintiffs' costs, expenses, reasonable attorneys' fees, and such other relief as the Court deems just and proper pursuant to 35 U.S.C. § 271(e)(4) and 35 U.S.C. § 285; and

      (m)      such other and further relief as the Court may deem just and proper.

OF COUNSEL:

Irena Royzman (*pro hac vice* forthcoming)
Christine Willgoos (*pro hac vice* forthcoming)
Kaitlyn Rodnick (*pro hac vice* forthcoming)
Khushbu Shah (*pro hac vice* forthcoming)
ORRICK, HERRINGTON &
SUTCLIFFE LLP
51 W. 52nd St.
New York, NY 10019
Tel: (202) 506-3518
iroyzman@orrick.com
cwillgoos@orrick.com
krodnick@orrick.com
kshah@orrick.com

Alyssa Caridis (*pro hac vice* forthcoming)
ORRICK, HERRINGTON &
SUTCLIFFE LLP
355 S. Grand Ave., Ste. 2700
Los Angeles, CA 90071
Tel: (213) 612-2372
acaridis@orrick.com

*Attorneys for Janssen Sciences Ireland,
Unlimited Company*

Charlotte C. Jacobsen (*pro hac vice*
forthcoming)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000
cjacobsen@gibsondunn.com

Darish Huynh (*pro hac vice* forthcoming)
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Suite 1200
Irvine, CA 92612-4412
(949) 451-3800
dhuynh@gibsondunn.com

Michelle J. Zhu (*pro hac vice* forthcoming)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036-4504
(202) 955-8500
mzhu@gibsondunn.com

Respectfully submitted,

*/s/ Keith J. Miller*
Keith J. Miller
ROBINSON MILLER LLC
Ironside Newark
110 Edison Place, Suite 302
Newark, NJ 07102
kmiller@rwmlegal.com
(973) 690-5400

*Attorneys for Janssen Sciences Ireland,
UC, Gilead Sciences Ireland UC, and
Gilead Sciences, Inc.*

*Attorneys for Plaintiff Gilead Sciences, Inc.*
*and Gilead Sciences Ireland UC*

Dated: March 24, 2025